JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
The United States of America

**DEFENDANTS**
KIMBERLY L. SHULTZ
15 Lakeview Pl
Lititz, PA 17543

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Lancaster
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
KML Law Group, P.C. - Rebecca A. Solarz, Esquire
701 Market Street, Ste. 5000, Phila., PA 19106
215-627-1322, RSolarz@kmllawgroup.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government
     Plaintiff

☐ 2  U.S. Government
     Defendant

☐ 3  Federal Question
     *(U.S. Government Not a Party)*

☐ 4  Diversity
     *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                     *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☒ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1  Original
     Proceeding

☐ 2  Removed from
     State Court

☐ 3  Remanded from
     Appellate Court

☐ 4  Reinstated or
     Reopened

☐ 5  Transferred from
     Another District
     *(specify)*

☐ 6  Multidistrict
     Litigation -
     Transfer

☐ 8  Multidistrict
     Litigation -
     Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42USC1471
Brief description of cause:
Action of Mortgage Foreclosure

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION
  UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*

JUDGE _____   DOCKET NUMBER _____

DATE _____   8/1/17

SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA – DESIGNATION FORM to be used by counsel to indicate the category of the case of the purpose of assignment to appropriate calendar.

Address of Plaintiff: c/o Suite 5000 – BNY Independence Center, 701 Market Street, Philadelphia, PA 10106-1532

Address of Defendants: 15 Lakeview Pl Lititz, PA 17543

Place of Accident, Incident or Transaction: ACTION OF MORTGAGE FORECLOSURE OF REAL PROPERTY

(Use Reverse Side For Additional Space)

Does this case involve multi-district litigation possibilities?   Yes ☐   No ☒

RELATED CASE, IF ANY:

Case Number: _____   Judge: _____   Date Terminated: _____

Civil cass are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier number case pending or within one year previously terminated action in this court?
   Yes ☐   No ☒

CIVIL. (Place ☑ in ONE CATEGORY ONLY)

| A. | Federal Question Cases | B. | Diversity Jurisdiction Cases: |
|---|---|---|---|
| 1. | ☐ Indemnity Contract, Manne contract, and All Other Contracts | 1. | Insurance contract and Other Contracts |
| 2. | ☐ FELA | 2. | Airplane Personal Injury |
| 3. | ☐ Jones Act-Personal Injury | 3. | Assault, Defamation |
| 4. | ☐ Antitrust | 4. | Marine Personal Injury |
| 5. | ☐ Patent | 5. | Motor Vehicle Personal Injury |
| 6. | ☐ Labor-Management Relations | 6. | Other Personal Injury (Please specify) |
| 7. | ☐ Civil rights | 7. | Products Liability |
| 8. | ☐ Habeas Corpus | 8. | Products Liability – Asbestor |
| 9. | ☐ Securities Act(s) Cases | 9. | All other diversity Cases |
| 10. | ☐ Social Security Review Cases | | (Please specify) |
| 11. | ☒ All other Federal Question Cases | | |

(Please specify) **Foreclosure of property encumbered by a federal mortgage.**

### ARBITRATION CERTIFICATION

(Check appropriate Category)

I, Rebecca A. Solarz, Esq., counsel of record do here by certify:

☐ Pursuant to Local civil Rule 52.2. Section 2©(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $!50,000.00 exclusive of interest and costs.

☐ Relief other than monetary damages is sought.

DATE: 8/2/17 _____   _____ 315936

Attorney-at-Law   Attorney i.d.#

**NOTE:  A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 39.**

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/2/17 _____   _____ 315936

Attorney-at-Law   Attorney i.d.#

CIV 609 (9/99)

## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | | |
| | Plaintiff | CIVIL ACTION NO. |
| vs. | | |
| KIMBERLY L. SHULTZ | | |
| | Defendant | |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that the defendants do not agree with the plaintiff regarding said designation, that the defendants shall, with their first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which those defendants believe the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a)   Habeas Corpus -- Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b)   Social Security -- Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c)   Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d)   Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e)   Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f)   Standard Management -- Cases that do not fall into any one of the other tracks.   **(X)**

8/2/2017
Date

_____
**Attorney for Plaintiff, United States of America**
Pennsylvania Attorney I.D. No. 315936
Suite 5000 – BNY Independence Center
701 Market Street
Philadelphia, PA  19106-1532
(215) 825-6327 (Direct)
FAX (215) 825-6443
rsolarz@kmlllawgroup.com

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

**UNITED STATES OF AMERICA**

**Plaintiff**

vs.

**CIVIL NO.**

**KIMBERLY L. SHULTZ**

**Defendant**

## COMPLAINT

The United States of America, on behalf of its Agency, the Rural Housing Service, by its specially appointed counsel, Rebecca A. Solarz of KML LAW GROUP, P.C., represents as follows:

1.      This Court has jurisdiction pursuant to 28 U.S.C. 1345.

2.      The last-known address of the Defendant, KIMBERLY L. SHULTZ ("Defendants") is 15 Lakeview Pl, Lititz, PA 17543.

3.      On or about August 30, 1991, at the special instance and request of DAVID H. FOX, JR. and NANCY L. FOX ("Original Mortgagors"), the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the Original Mortgagors the sum of $77,500.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

4.  As evidence of the indebtedness, Original Mortgagors executed and delivered to the Plaintiff, a Promissory Note dated August 30, 1991 in the amount of $77,500.00. A true and correct copy of the Note is attached and incorporated as Exhibit "A" ("Note").

5.  Original Mortgagors, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about August 30, 1991, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on September 3, 1991 with the Office of the Recorder of Deeds, Lancaster County, Pennsylvania, in Book 3243 Page 489. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "B" ("Mortgage").

6.  That on or about March 22, 1993, LEE S. SHULTZ and KIMBERLY L. SHULTZ executed an Assumption Agreement by which they agreed to assume liability for the above-described Promissory Note and Real Estate Mortgage. A copy of the Assumption Agreement is attached and incorporated as Exhibit "C" ("Assumption Agreement").

7.  On or about March 22, 1993, at the special instance and request of LEE S. SHULTZ and KIMBERLY L. SHULTZ, the United States of America, acting through the Under Secretary of Rural Development, on behalf of the Rural Housing Service, United States Department of Agriculture, ("Plaintiff"), loaned to the LEE S. SHULTZ and KIMBERLY L. SHULTZ the sum of $5,500.00 pursuant to the provisions of Title V of the Housing Act of 1949, as amended, (42 U.S.C. 1471, et seq).

8.      As evidence of the indebtedness, LEE S. SHULTZ and KIMBERLY L. SHULTZ executed and delivered to the Plaintiff, a Promissory Note dated March 22, 1993 in the amount of $5,500.00. A true and correct copy of the Note is attached and incorporated as Exhibit "D" ("Note").

9.      LEE S. SHULTZ and KIMBERLY L. SHULTZ, for the purpose of securing the Plaintiff against loss, did execute and acknowledge to the Plaintiff, on or about March 22, 1993, a Real Estate Mortgage which granted and conveyed, and mortgaged the real property described in the Mortgage to the Plaintiff. The Real Estate Mortgage was duly recorded on March 23, 1993 with the Office of the Recorder of Deeds, Lancaster County, Pennsylvania, in Book 3825 Page 74. A true copy of the Real Estate Mortgage is attached and incorporated as Exhibit "E" ("Mortgage").

10.     That by deed dated January 6, 1997 and recorded January 8, 1997 with the Office of the Recorder of Deeds of Lancaster County, Pennsylvania, in Deed Book 5223, Page 327, LEE S. SHULTS and KIMBERLY L. SHULTZ conveyed the property that is the subject of this action to KIMBERLY L. SHULTZ. The Plaintiff has released LEE S. SHULTZ from personal liability on the Note and Mortgage set forth above. A true copy of the Release from Personal Liability is attached and incorporated as Exhibit "F" ("Release from Personal Liability").

11.     The Promissory Note dated August 30, 1991 was re-amortized on September 22, 2014, in the amount of $65,217.76. A true copy of the Re-amortization Agreement is attached and incorporated as Exhibit "G" ("Re-amortization Agreement").

12.    The Promissory Note Dated March 22, 1993 was re-amortized on September 22, 2014, in the amount of $4,435.80. A true copy of the Re-amortization Agreement is attached and incorporated as Exhibit "H" ("Re-amortization Agreement").

13.    Plaintiff is the owner and holder of the Note and Mortgage and they have not been assigned.

14.    The property secured by the Mortgage is known as 15 Lakeview Pl Lititz, PA 17543 and is more fully described in the legal description attached and incorporated as Exhibit "I" ("Property").  The property subject to foreclosure is within the jurisdiction of this Court.

15.    The Note and Mortgage are in default as Defendants have failed or refused to comply with the provisions of the Note and Mortgage, as follows:  (a) failed or refused to pay the installments of principal and interest when due; (b) failed or refused to pay real estate taxes when due; and (c) failed to maintain the security of the Property.

16.    Due to the breaches of the provisions and conditions of the Note and Mortgage, the Plaintiff elects to declare the entire amount of the indebtedness of the Note and Mortgage to be immediately due and payable.

17.    The amounts due and owing to Plaintiff on the Note "A" and Mortgage "B" are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $63,724.77 |
| Interest from 12/22/2014 to 04/13/2017 at 7.7500% | $11,406.34 |
| Interest Recapture | $56,081.87 |
| Late Charges | $40.20 |
| | $131,253.18 |
| Escrow / Impound Required | +$877.59 |
| Fees Required with Payoff Funds | +$340.23 |
| Fees Currently Assessed | $4,637.15 |
| | $137,108.15 |

18.    The amounts due and owing to Plaintiff on the Note "D" and Mortgage "E" are as follows:

| | |
|---|---|
| PRINCIPAL BALANCE | $4,375.35 |
| Interest from 12/22/2014 to 04/13/2017 at 7.7500% | $783.16 |
| Interest Recapture | $4,066.53 |
| Late Charges | $4.08 |
| | $9,229.12 |

19.    Plaintiff mailed to Defendants a Notice of Intention to Foreclose by certified mail, to their last-known address on the date shown on the copy of the Notice attached and incorporated as Exhibit "J" ("Notice").

20.    No other action has been brought at law or in equity to enforce the provisions of the Note and Mortgage, and that all conditions precedent to the bringing of the action have been performed or have occurred.  Plaintiff has complied with the requirements of 7 C.F.R. 3550.207.

**WHEREFORE**, the Plaintiff demands judgment as follows:

Defendants and every person whose conveyance or encumbrance is subsequent or subsequently recorded, be forever barred and foreclosed of all rights, claims, lien, and

equity of redemption in the mortgaged premises; the Property may be decreed to be sold according to law; the monies arising from the sale be brought into Court; Plaintiff be paid the amount adjudged due with interest thereon to the time of such payment, together with costs and expenses of this action and expenses of the sale so far as the amount of such money applicable thereto will pay the same; the Plaintiff shall have such other and further relief, or both, in the property as shall be just and equitable.

United States of America by and through
its specially assigned counsel
KML Law Group, P.C.

By:_____
Rebecca A. Solarz
BNY Independence Center
701 Market Street
Suite 5000
Philadelphia, PA 19106-1532
(215)825-6327
(215)825-6443
RSOLARZ@KMLLAWGROUP.COM

UNITED STATES DISTRICT COURT

FOR THE

EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| **Plaintiff** | **CIVIL NO.** |
| **vs.** | |
| **KIMBERLY L. SHULTZ** | |
| **Defendant** | |

# <u>EXHIBITS</u>

"A"  NOTE
"B"  MORTGAGE
"C"  ASSUMPTION AGREEMENT
"D"  NOTE
"E"  MORTGAGE
"F"  RELEASE FROM PERSONAL LIABILITY
"G"  RE-AMORTIZATION AGREEMENT
"H"  RE-AMORTIZATION AGREEMENT
"I"  PROPERTY
"J"  NOTICE OF INTENTION TO FORECLOSE

10/31/2007  10:13  7178401302  USDA  PAGE  05/21

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

**PROMISSORY NOTE**

*Prom Note*
*acct 0*
*Pg 4 of 6*

| STATE |
| Pennsylvania |
| COUNTY |
| Lancaster |
| CASE NO. |

COPY

| TYPE OF LOAN |
| |
| RURAL HOUSING |

Date ___August 30___, 19 _91_

FOR VALUE RECEIVED, the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ___1383 Arcadia Road,___

___Lancaster, PA 17601___

THE PRINCIPAL SUM OF ___SEVENTY-SEVEN THOUSAND FIVE HUNDRED AND NO/100——————___

DOLLARS ($ _77,500.00_ ), plus INTEREST on the UNPAID PRINCIPAL of

___EIGHT AND THREE FOURTHS___ PERCENT ( ___8-3/4___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.  Principal and Interest payments shall be deferred. The interest accrued to _____, 19____ shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of such new Principal herein $_____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.  Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____ of each _____ beginning on _____, 19____, through _____, 19____.

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below;

☒ III.  Payments shall not be deferred. Principal and Interest shall be paid in ___396___ installments as indicated in the box below:

| $600.00 ___ on ___September 30,___ , 19 _91_ , and |
| $600.00 ___ thereafter on the ___30th___ of each ___month___ |
| until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness |
| evidenced hereby, if not sooner paid, shall be due and PAYABLE ___Thirty Three___ ( ___33___ ) YEARS |
| from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule |
| of payments. |

*U.S. Government Printing Office: 1991 — 554-19  '   '09          POSITION 2          FMHA 1940-16 (REV. 4-91)

*Exhibit "A"*

*Prom Note*

*Acct.* Pg 5 of 6

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program

10/31/2007  10:13   7178401982                    USDA                                    PAGE  07/21

*Aect —* ▮▮▮▮▮▮▮ *pg 6 of 6*

Presentment, protest, and notice are hereby waived.

*Prom Note*

_____ (SEAL)
David H. Fox, Jr.    (BORROWER)

_____ (SEAL)
Nancy G. Fox    (CO-BORROWER)

_____
_____
_____

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| **AMOUNT** | **DATE** | **AMOUNT** | **DATE** | **AMOUNT** | **DATE** |
| (1) $77,500.00 | 8/30/91 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | TOTAL | $ 77,500.00 | 8/30/91 |

*U.S. Government Printing Office: 1991 — 554-1▮▮ ▮▮▮08          Position 2                      FmHA 1940-16 (Rev. 4-91)*

USDA-FmHA
Form FmHA 427-1 PA
(Rev. 6-90)

**991045850**

Position 5

15.50

SEP 3 1991

**REAL ESTATE MORTGAGE FOR PENNSYLVANIA**

THIS MORTGAGE is made and entered into by _____ David H. Fox, Jr. and Nancy L. Fox

residing in _____ Lancaster _____ County, Pennsylvania, whose post office address is

1142 Ranck Mill Road, Lancaster , _____ Pennsylvania 17602

herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s), or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| August 30, 1991 | $ 77,500.00 | 8-3/4 | August 30, 2024 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any interest credit or subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §1490a, or any amounts due under any Shared Appreciation Agreement/Recapture Agreement entered into pursuant to 7 U.S.C. 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of

Pennsylvania, County(ies) of _____ Lancaster , Warwick Township

3243   0489

FmHA 427-1 PA (Rev. 6-90)

RECORDED SEP 3 AM 11 27
LANCASTER CO. DEEDS

EXHIBIT "B"

**LTAC # 60492**

**SCHEDULE "A"**

ALL THAT CERTAIN lot or tract of land with the improvements thereon, known as NO. 15 LAKEVIEW PLACE, situate along the Southeast side of Lakeview Place in the Township of Warwick, County of Lancaster, Commonwealth of Pennsylvania, being known as Lot No. 126 on a Final Subdivision Plan Book J, Volume 138, page 119, said Lot No. 126 being more fully bounded and described as follows, to wit:

BEGINNING at a point, the most West corner of the herein described Lot No. 126, said point of beginning being a point of tangency on the South east right-of-way line of Lakeview Place (a 50 feet wide public street with a 50 feet radius cul-de-sac) and a mutual corner of Lot No. 125; thence leaving said point of beginning and along the Southeast right-of-way line of Lakeview Place the following three (3) courses and distances: (1) North 19 degrees, 57 minutes, 20 seconds East a distance of 3.00 feet to a point, a point of curve: (2) on a concave curve to the Southeast having a delta angle of 48 degrees, 11 minutes, 23 seconds, a radius of 25.00 feet, an arc length of 21.03 feet, a tangent of 11.18 feet and a chord bearing North 44 degrees, 03 minutes, 01 seconds East a distance of 20.41 feet to a point, a point of reverse curve; (3) on a concave curve to the Northeast having a delta angle of 22 degrees, 03 minutes, 52 seconds, a radius of 50.00 feet, an arc length of 19.26 feet, a tangent of 9.75 feet and a chord bearing North 57 degrees, 06 minutes, 47 seconds East a distance of 19.14 feet to a point, a mutual corner of Lot No. 127; thence along said Lot No.127, through the center of a party wall, South 72 degrees, 24 minutes, 30 seconds East, a distance of 184.94 feet to a point, a mutual corner of Lot No. 110 - Section V (recorded in Subdivision Plan Book J, Volume 134, page 94) and Lot No. 113; thence along said Lot No. 113 and Lot No. 114, South 37 degrees, 00 minutes 37 seconds West a distance of 70.70 feet to a point, a mutual corner of Lot No. 125; thence along said Lot No. 125, through the center of a party wall, North 62 degrees, 53 minutes, 36 seconds West a distance of 185.38 feet to a point, the point and place of beginning.

CONTAINING 9.880 square feet of land.

BEING THE SAME PREMISES which Crosswinds Associates, a limited partnership, be deed dated September 16, 1987 and recorded September 22, 1987 in the Recorder of Deeds Office in and for Lancaster County, PA, in Record Book 2232, page 507, granted and conveyed unto Candelario Orozco and Norma Orozco, husband and wife, their heirs and assigns, as tenants by the entireties.

ALSO BEING THE SAME PREMISES which Candelario Orozco and Norma Orozco, husband and wife, by deed dated August 30, 1991 and intended for immediate recording herewith granted and conveyed unto David B. Fox, Jr. and Nancy L. Fox, mortgagors herein.

3243   0490

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds, all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest thereto in all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended. BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1) To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2) To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3) If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4) Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5) All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6) To use the loan evidenced by the note solely for purposes authorized by the Government.

(7) To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8) To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9) To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10) To comply with all laws, ordinances, and regulations affecting the property.

(11) To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

(12) Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13) At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14) The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by this note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15) If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and period of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16) Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17) SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent, or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may; (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, which the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18) The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19) Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws, Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20) If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21) Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22) Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including, but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place, and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23) THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND-DESCRIBED OR REFERRED TO HERE-IN: AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION, DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

3243   0492

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other is address is designated in a notice so given, in the case of the Government to Farmers Home Administration, One Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17110-2996, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ____30th____ day

of ____August____, 19 __91__.

Signed, sealed, and delivered in the presence of:

David H. Fox, Jr. _____ (SEAL)

Nancy L. Fox _____ (SEAL)

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA

COUNTY OF ____Lancaster____

On this ____30 th____ day of ____August____, 19 __91__, before me, the undersigned, a Notary

Public in and for said State and County, personally appeared ____David H. Fox, Jr., and Nancy L. Fox____

known (or satisfactorily proved) to me to be the person(s) whose name(s) ____are____ subscribed to the within

instrument, and acknowledged to me that ____they____ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires ____11/23/92____

Danielle Douple _____ Notary Public.

NOTARIAL SEAL
DANIELLE DOUPLE, Notary Public
Lancaster
My Commission Expires Nov. 23, 1992

CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

Danielle Douple _____ For Mortgagee

I Certify This Document To Be Recorded in Lancaster Co., Pa.

Ronald N. Cohn
Recorder of Deeds

3243 0493

PAGE 08/21

`18/31/2007  16.13  (170401302`     USDA      FORM APPROVED
OMB No. 0575-0086

Acct # ~~████~~ . pg /of /

**USDA-FmHA**
**Form FmHA 1965-15**
**(Rev. 6-90)**

REAMORTIZED, NOT PAID

**ASSUMPTION AGREEMENT**
Single-Family Housing Loan(s)

Type of Loan _____
☒ Sec. 502   ☐ Non Program   ☐ Sec. 504

Case Number: ~~████████~~

This Agreement dated _____ March 22 _____, 19 93 , is between the United States of America, acting through the Farmers Home Administration (herein called the Government), and _____ Lee S. Shultz and Kimberly L. Shultz _____

(herein called Borrower), whose mailing address is __15 Lakeview Place, Lititz, PA  17543.__

The Government is the holder of debt instrument(s) secured by the following described security instrument(s) executed by __David R. Fox, Jr. and Nancy L. Fox__

Case Number __44-36-198583200__ _____, on real property described therein which is located in __Lancaster__ _____ County, State of _____ Pennsylvania ;

| Type Instrument | Date Executed | Office Where Recorded | Book/Volume/ Document Number | Page Number | |
|---|---|---|---|---|---|
| Mortgage | 08/30/91 | Recorder of Deeds for Lancaster County | 3243 | 0489 | |
| Promissory Note | 08/30/91 | | | | |

In consideration of the assumption of indebtedness as herein provided and the Government's consent to this assumption and related conveyance of the security property, if applicable, it is agreed as follows:

1. Borrower hereby assumes liability for and agrees to pay to the order of the Government at the office of the Farmers Home Administration shown below (or other location as may later be specified) the principal sum of __Seventy Two Thousand Five Hundred and 00/100 — — — — — — — — — — — — — — — — — — — — — — —__ dollars ($ __72,500.00__ ) plus interest at the rate of __Seven and Three Quarters__ percent ( __7.75__ %) per annum, payable in installments as follows:

$ __509.00__ on __April 22__ , 19 93 , and

$ __509.00__ thereafter on the __22nd__ of each __Month__ until the principal and interest are fully paid, except that the final installment of the entire indebtedness evidenced hereby, if not sooner paid, shall be due and payable __Thirty Three__ ( __33__ ) years from the date of this Agreement.

2. Payments of principal and interest shall be applied in accordance with Farmers Home Administration's accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with Farmers Home Administration regulations in effect when a late charge is assessed.

3. The provisions of the debt instrument(s) hereby assumed shall, except as modified herein, remain in full force and effect, and Borrower hereby assumes the obligations of and agrees to comply with all covenants, agreements, and conditions contained in said instrument(s), as modified herein, as though Borrower had executed them as of the date thereof as principal obligor(s).

4. Provisions of the debt and security instrument(s) which require that the borrower occupy the FmHA-financed dwelling or graduate to another credit source do not apply to assumption on ineligible (Non Program) terms.

5. This Agreement is subject to present regulations of the Farmers Home Administration and to its future regulations which are not inconsistent with the express provisions hereof.

"A Reamortization Agreement dated
7-22-05 , in the principal
sum of $ 76134.96 , has been given to
modify the payment schedule of this note."

(Co-signer)

_[signature]_ Borrower  Lee S. Shultz

**UNITED STATES OF AMERICA**
**FARMERS HOME ADMINISTRATION**

By _____

William F. Crawford

Title __Acting County Supervisor__

Date __March 22, 1993__

FmHA County Office Address: __1383  dia Road, Lancaster, PA  1760.__

COPY 2 - COUNTY OFFICE CASE FILE

_[signature]_ Borrower  Kimberly L. Shultz

Former Borrower Released From
Liability __no__

"Reamortization and/or Deferral Agreement dated ____, 199
in the principal sum of $78,003.26 has been given to modify
the payment schedule of this agreement."

/s/ Lee S. Shultz

Kimberly L. Shultz

Position ?

Exhibit "C"

USDA-FmHA
Form FmHA 1940-16
(Rev. 4-91)

Co p y

**PROMISSORY NOTE**

| TYPE OF LOAN | STATE    Pennsylvania |
|---|---|
| Rural | COUNTY    Lancaster |
| | CASE NO. |

OU REAMORTIZED, NOT PAID

Acct ~~●●●●~~ Pg 1 of 6

Prom Note

Date   March 22      , 19 93

**FOR VALUE RECEIVED,** the undersigned (whether one or more persons, herein called "Borrower") jointly and severally promise to pay to the order of the United States of America, acting through the Farmers Home Administration,

United States Department of Agriculture, (herein called the "Government") at its office in ____ Lancaster,

Pennsylvania

THE PRINCIPAL SUM OF ___ Five Thousand Five Hundred and 00/100-----------------------

DOLLARS ($___ 5,500.00 _____ ), plus INTEREST on the UNPAID PRINCIPAL of

Seven and Three Quarters _____ PERCENT ( ___ 7.75 ___ %) PER ANNUM.

Payment of the said Principal and Interest shall be as agreed between the Borrower and the Government using one of three alternatives as indicated below: (check one)

☐ I.   Principal and Interest payments shall be deferred. The interest accrued to _____ , 19 ___

shall be added to the Principal. Such new Principal and later accrued Interest shall be payable in _____ regular amortized installments on the dates indicated in the box below. Borrower authorizes the Government to enter the amount of

such new Principal herein $ _____ and the amount of such regular installments in the box below, when such amounts have been determined.

☐ II.   Payment of Interest shall not be deferred. Installments of accrued Interest shall be payable on the _____

of each _____ beginning on _____ , 19 ___ , through _____ , 19 ___ ,

Principal and later accrued Interest shall be paid in _____ installments as indicated in the box below:

☒ III.   Payments shall not be deferred. Principal and Interest shall be paid in ___ 396 ___ installments as indicated in the box below:

| $ 39.00 _____ on   April 22 _____ , 19 93 , and |
|---|
| $ 39.00 _____ thereafter on the ___ 22nd ___ of each ___ Month ___ |
| until the PRINCIPAL and INTEREST are fully paid except that the FINAL INSTALLMENT of the entire indebtedness |
| evidenced hereby, if not sooner paid, shall be due and PAYABLE ___ Thirty-three ___ ( ___ 33 ___ ) YEARS |
| from the DATE of this NOTE. The consideration herefor shall support any agreement modifying the foregoing schedule of payments. |

Exhibit "D"

Z

10/31/2007  10:13  7178401302

If the total amount of the loan is not advanced at the time of loan closing, the loan shall be advanced to the Borrower as requested by Borrower and approved by the Government. Approval of the Government is mandatory provided the advance is requested for a purpose authorized by the Government. Interest shall accrue on the amount of each advance from its actual date as shown on the reverse hereof. Borrower authorizes the Government to enter the amount and date of such advance in the Record of Advances.

Payment of principal and interest shall be applied in accordance with FmHA accounting procedures in effect on the date of receipt of the payment. Borrower agrees to pay late charges in accordance with FmHA regulations in effect when a late charge is assessed.

Prepayments of scheduled installments, or any portion thereof, may be made at any time at the option of Borrower. Refunds and extra payments, as defined in the regulations (7CFR §1951.8) of the Farmers Home Administration according to the source of funds involved, shall, after payment of interest, be applied in accordance with FmHA regulations and accounting procedures in effect on the date of receipt of payments.

Borrower agrees that the Government at any time may assign this note. If the Government assigns the note and insures the payment thereof, and in such case, though the note is not held by the Government, Borrower shall continue to pay to the Government, as collection agent for the holder, all installments of principal and interest as scheduled herein.

If this note is held by an insured lender, prepayments made by Borrower may, at the option of the Government, be remitted by the Government to the holder promptly or, except for final payment, be retained by the Government and remitted to the holder on either a calendar quarter basis or an annual installment due date basis. The effective date of any prepayment retained and remitted by the Government to the holder on an annual installment due date basis shall be the date of the prepayment by Borrower, and the Government will pay the interest to which the holder is entitled accruing between the effective date of any such prepayment and the date of the Treasury check to the holder.

CREDIT ELSEWHERE CERTIFICATION: Borrower hereby certifies that he/she is unable to obtain sufficient credit elsewhere to finance his/her actual needs at reasonable rates and terms, taking into consideration prevailing private and cooperative rates and terms in or near his/her community for loans for similar purposes and periods of time, and that the loan evidenced hereby shall be used solely for purposes authorized by the Government.

LEASE OR SALE OF PROPERTY: If the property constructed, improved, purchased, or refinanced in whole or in part with the loan evidenced hereby is (1) leased or rented with an option to purchase, (2) leased or rented without option to purchase for a term exceeding 3 years, or (3) sold or title is otherwise conveyed, voluntarily or involuntarily, the Government may at its option declare the indebtedness evidenced hereby immediately due and payable.

REFINANCING AGREEMENT: Borrower hereby agrees to provide periodic financial information as requested by the Government. If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a responsible cooperative or private credit source at reasonable rates and terms for loans for similar purposes and period of time, Borrower will, at the Government's request, apply for and accept a loan in sufficient amount to pay this note in full and, if the lender is a cooperative, to pay for any necessary stock. This paragraph and the preceding paragraph shall not apply to any comaker signing this note pursuant to Section 502 of the Housing Act of 1949 to compensate for deficient repayment ability of other undersigned person(s).

CREDIT SALE TO NONPROGRAM BORROWER: The provisions of the paragraphs entitled "Credit Elsewhere Certification," and "Refinancing Agreement" do not apply if (1) this promissory note represents in whole or part payment for property purchased from the Government and (2) the loan represented by this promissory note was made to the borrower as an nonprogram borrower under Title V of the Housing Act of 1949, as amended, and regulations promulgated thereunder.

DEFAULT: Failure to pay when due any debt evidenced hereby or perform any covenant or agreement hereunder shall constitute default under this instrument and any other instrument evidencing a debt of Borrower owing to, insured or Guaranteed by the Government or securing or otherwise relating to such a debt; and default under any such other instrument shall constitute default hereunder. UPON ANY SUCH DEFAULT, the Government at its option may declare all or any part of any such indebtedness immediately due and payable.

SUBSIDY REPAYMENT AGREEMENT: Borrower agrees to the repayment (recapture) of subsidy granted in the form of interest credits. Subsidy will be repaid when the borrower's account is settled by sale of the security property, refinancing or payment in full and will be calculated in accordance with regulations in effect at the time of settlement. Recapture is based on property appreciation and can equal all, some or none but never exceed the amount of subsidy received.

This Note is given as evidence of a loan to Borrower made or insured by the Government pursuant to the Title V of the Housing Act of 1949 and for the type of loan as is indicated in the "TYPE OF LOAN" block above. This Note shall be subject to the present regulations of the Farmers Home Administration and to its future regulations not inconsistent with the express provisions hereof.

WARNING: Failure to fully disclose accurate and truthful financial information may result in the termination of program assistance currently being received, and the denial of future program assistance under USDA's Debarment regulations. 7 CFR Part 3017.

*From Note*

Presentment, protest, and notice are hereby waived

acct

*Pg 3 of 6*

_____ (SEAL)
(BORROWER)

_____ (SEAL)
(CO-BORROWER)

_____

_____

A REAMORTIZATION AND/OR DEFERRAL AGREEMENT
DATED Jan. 22, 2000 , IN THE PRINCIPAL SUM OF $ 5,167.79
HAS BEEN GIVEN TO MODIFY THE PAYMENT SCHEDULE OF THIS
NOTE.

| RECORD OF ADVANCES | | | | | |
|---|---|---|---|---|---|
| AMOUNT | DATE | AMOUNT | DATE | AMOUNT | DATE |
| (1) $ 5,500.00 | 3/22/93 | (8) $ | | (15) $ | |
| (2) $ | | (9) $ | | (16) $ | |
| (3) $ | | (10) $ | | (17) $ | |
| (4) $ | | (11) $ | | (18) $ | |
| (5) $ | | (12) $ | | (19) $ | |
| (6) $ | | (13) $ | | (20) $ | |
| (7) $ | | (14) $ | | (21) $ | |
| | | | | TOTAL $ 5,500.00 | |

"Reamortization and/or Deferral Agreement dated Nov. 19, 1996 in the principal
sum of $5,794.21 as been given to modify the payment schedule of this note."

"A Reamortization Agreement dated
7-22-03 , in the principal
sum of $ 5,339.26 , has been given
to modify the payment schedule of this note."

Lee S. Shultz

Kimberly L. Shultz

10/31/2007  10:13    7178481302                USDA                          PAGE  09/21
SAF 2199

USDA-FmHA
Form FmHA 1927-1       993017233    *Acct #* _____        MAR 22 1993
(Rev. 8-92)                          Position 5
                                     15.5OAK      *Pg 1 of 5*

## REAL ESTATE MORTGAGE FOR PENNSYLVANIA

THIS MORTGAGE is made and entered into by _____ Lee S. Shultz and Kimberly L. Shultz

residing in _____ Lancaster _____ County, Pennsylvania, whose post office address is

15 Lakeview Place, Lititz _____ , Pennsylvania _____ 17543

herein called "Borrower," and The United States of America, acting through the Farmers Home Administration, United States Department of Agriculture, the Mortgagee, whose principal office is located in Washington, D.C., herein called the "Government," and:

WHEREAS Borrower is indebted to the Government, as evidenced by one or more promissory note(s) or assumption agreement(s) or any shared appreciation or recapture agreement, herein called "note," which has been executed by Borrower, is payable to the order of the Government, authorizes acceleration of the entire indebtedness at the option of the Government upon any default by Borrower, and is described as follows:

| Date of Instrument | Principal Amount | Annual Rate of Interest | Due Date of Final Installment |
|---|---|---|---|
| August 30, 1991 | $77,500.00 | 8.75% | August 30, 2024 |
| As Amended By Assumption Agreement Dated: | | | |
| March 22, 1993 | $72,500.00 | 7.75% | March 22, 2026 |
| Also, A Subsequent Loan Dated: | | | |
| March 22, 1993 | $ 5,500.00 | 7.75% | March 22, 2026 |

(The interest rate for limited resource farm ownership or limited resource operating loan(s) secured by this instrument may be increased as provided in the Farmers Home Administration regulations and the note.)

And the note evidences a loan to Borrower, and the Government, at any time, may assign the note and insure the payment thereof pursuant to the Consolidated Farm and Rural Development Act, or Title V of the Housing Act of 1949, or any other statutes administered by the Farmers Home Administration.

And it is the purpose and intent of this instrument that, among other things, at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the note, this instrument shall secure payment of the note; but when the note is held by an insured holder, this instrument shall not secure payment of the note or attach to the debt evidenced thereby, but as to the note and such debt shall constitute an indemnity mortgage to secure the Government against loss under its insurance contract by reason of any default by Borrower;

And this instrument also secures the recapture of any deferred principal and interest or of any interest credit and subsidy which may be granted to the Borrower by the Government pursuant to 42 U.S.C. §§ 1472 (g) or 1490a, respectively, or any amount due under any Shared Appreciation/Recapture Agreement entered into pursuant to 7 U.S.C. § 2001.

NOW, THEREFORE, in consideration of the loan(s) and (a) at all times when the note is held by the Government, or in the event the Government should assign this instrument without insurance of the payment of the note, to secure prompt payment of the note and any renewals and extensions thereof and any agreements contained therein, including any provision for the payment of an insurance or other charge, (b) at all times when the note is held by an insured holder, to secure performance of Borrower's agreement herein to indemnify and save harmless the Government against loss under its insurance contract by reason of any default by Borrower, and (c) in any event and at all times to secure the prompt payment of all advances and expenditures made by the Government, with interest, as hereinafter described, and the performance of every covenant and agreement of Borrower contained herein or in any supplementary agreement, Borrower does hereby grant, convey, mortgage, assign, and forever warrant unto the Government the following property situated in the State of Pennsylvania, County(ies) of _____ Lancaster

See Attached Legal Description

FmHA 1927-1 PA (Rev. 8-92)

3825    0074

RECORDED OR FILED ___ 23  PM 2 22 ___ RECORDER OF DEEDS LANCASTER, PA.

*Exhibit "E"*

Acct # ████████        Pg 2of8

(12)  Except as otherwise provided by the Farmers Home Administration regulations, neither the property nor any portion thereof or interest therein shall be leased, assigned, sold, transferred, or encumbered voluntarily or otherwise, without the written consent of the Government. The Government shall have the sole and exclusive rights as mortgagee hereunder, including but not limited to the power to grant consents, partial releases, subordinations, and satisfaction, and no insured holder shall have any right, title or interest in or to the lien or any benefits hereof.

(13)  At all reasonable times the Government and its agents may inspect the property to ascertain whether the covenants and agreements contained herein or in any supplementary agreement are being performed.

(14)  The Government may (a) adjust the interest rate, payment, terms or balance due on the loan, (b) increase the mortgage by an amount equal to deferred interest on the outstanding principal balance, (c) extend or defer the maturity of, and renew and reschedule the payments on, the debt evidenced by the note or any indebtedness to the Government secured by this instrument, (d) release any party who is liable under the note or for the debt from liability to the Government, (e) release portions of the property and subordinate its lien, and (f) waive any other of its rights under this instrument. Any and all this can and will be done without affecting the lien or the priority of this instrument or Borrower's or any other party's liability to the Government for payment of the note or debt secured by this instrument unless the Government says otherwise in writing. HOWEVER, any forbearance by the Government—whether once or often—in exercising any right or remedy under this instrument, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any such right or remedy.

(15)  If at any time it shall appear to the Government that Borrower may be able to obtain a loan from a production credit association, a Federal land bank, or other responsible cooperative or private credit source, at reasonable rates and terms for loans for similar purposes and periods of time, Borrower will upon the Government's request, apply for and accept such loan in sufficient amount to pay the note and any indebtedness secured hereby and to pay for any stock necessary to be purchased in a cooperative lending agency in connection with such loan.

(16)  Default hereunder shall constitute default under any other real estate, or under any personal property, or other security instrument held or insured by the Government and executed or assumed by Borrower, and default under any such other security instrument shall constitute default hereunder.

(17)  SHOULD DEFAULT occur in the performance or discharge of any obligation in this instrument or secured by this instrument, or should the parties named as Borrower die or be declared incompetent; or should any one of the parties named as Borrower be discharged in bankruptcy or declared an insolvent or make an assignment for the benefit of creditors, the Government, at its option, with or without notice, may: (a) declare the entire amount unpaid under the note and any indebtedness to the Government hereby secured immediately due and payable, (b) for the account of Borrower incur and pay reasonable expenses for repair or maintenance of and take possession of, operate or rent the property, (c) upon application by it and production of this instrument, without other evidence and without notice of hearing of said application, have a receiver appointed for the property, with the usual powers of receivers in like cases, (d) foreclose this instrument as provided herein or by law, and (e) enforce any and all other rights and remedies provided herein or by present or future laws.

(18)  The proceeds of foreclosure sale shall be applied in the following order to the payment of: (a) costs and expenses incident to enforcing or complying with the provisions hereof, (b) any prior liens required by law or a competent court to be so paid, (c) the debt evidenced by the note and all indebtedness to the Government secured hereby, (d) inferior liens of record required by law or a competent court to be so paid, (e) at the Government's option, any other indebtedness of Borrower owing to or insured by the Government, and (f) any balance to Borrower. At foreclosure or other sale of all or any part of the property, the Government and its agents may bid and purchase as a stranger and may pay the Government's share of the purchase price by crediting such amount on any debts of Borrower owing to or insured by the Government, in the order prescribed above.

(19)  Borrower agrees that the Government will not be bound by any present or future laws, (a) providing for valuation, appraisal, homestead or exemption of the property, (b) prohibiting maintenance of an action for a deficiency judgment or limiting the amount thereof or the time within which such action must be brought, (c) prescribing any other statute of limitations, or (d) limiting the conditions which the Government may by regulation impose, including the interest rate it may charge, as a condition of approving a transfer of the property to a new Borrower. Borrower expressly waives the benefit of any such State laws. Borrower hereby relinquishes, waives, and conveys all rights, inchoate or consummate, of descent.

(20)  If any part of the loan for which this instrument is given shall be used to finance the purchase, construction or repair of property to be used as an owner-occupied dwelling (herein called "the dwelling") and if Borrower intends to sell or rent the dwelling and has obtained the Government's consent to do so (a) neither Borrower nor anyone authorized to act for Borrower will, after receipt of a bona fide offer, refuse to negotiate for the sale or rental of the dwelling or will otherwise make unavailable or deny the dwelling to anyone because of race, color, religion, sex, national origin, handicap, familial status or age, and (b) Borrower recognizes as illegal and hereby disclaims, and will not comply with or attempt to enforce any restrictive covenants on the dwelling relating to race, color, religion, sex, national origin, handicap, familial status or age.

(21)  Borrower further agrees that the loan(s) secured by this instrument will be in default should any loan proceeds be used for a purpose that will contribute to excessive erosion of highly erodible land or to the conversion of wetlands to produce an agricultural commodity, as further explained in 7 CFR Part 1940, Subpart G, Exhibit M.

(22)  Upon default by Borrower as aforesaid, the Government may foreclose this instrument as authorized or permitted by the laws then existing of the jurisdiction where the property is situated and of the United States of America, on terms and conditions satisfactory to the Government, including but not limited to foreclosure by (a) statutory power of sale, or (b) advertisement and sale of the property at public auction to the highest bidder in one or more parcels at the Government's option and at the time and place and in the manner and after such notice and on terms required by statute or determined by the Government if not contrary to statute, or (c) written agreement hereafter made between Borrower and the Government.

(23)  THIS DOCUMENT MAY NOT SELL, CONVEY, TRANSFER, INCLUDE, OR INSURE THE TITLE TO THE THE COAL AND RIGHT OF SUPPORT UNDERNEATH THE SURFACE LAND DESCRIBED OR REFERRED TO HEREIN: AND THE OWNER OR OWNERS OF SUCH COAL MAY HAVE THE COMPLETE LEGAL RIGHT TO REMOVE ALL SUCH COAL, AND IN THAT CONNECTION DAMAGE MAY RESULT TO THE SURFACE OF THE LAND AND ANY HOUSE, BUILDING, OR OTHER STRUCTURE ON OR IN SUCH LAND. THE INCLUSION OF THIS NOTICE DOES NOT ENLARGE, RESTRICT OR MODIFY ANY LEGAL RIGHTS OR ESTATES OTHERWISE CREATED, TRANSFERRED, EXCEPTED OR RESERVED BY THIS INSTRUMENT.

3825   0077

*Acct* ██████████ *pg 3 of 8*

together with all rights (including the rights to mining products, gravel, oil, gas, coal or other minerals), interests, easements, hereditaments and appurtenances thereunto belonging, the rents, issues, and profits thereof and revenues and income therefrom, all improvements and personal property now or later attached thereto or reasonably necessary to the use thereof, including, but not limited to, ranges, refrigerators, clothes washers, clothes dryers, or carpeting purchased or financed in whole or in part with loan funds; all water, water rights, and water stock pertaining thereto, and all payments at any time owing to Borrower by virtue of any sale, lease, transfer, conveyance, or condemnation of any part thereof or interest there-in all of which are herein called "the property";

TO HAVE AND TO HOLD the property unto the Government and its assigns forever in fee simple.

This is a purchase money mortgage under the lien priority laws of the Commonwealth of Pennsylvania, as amended.

BORROWER for Borrower's self, Borrower's heirs, executors, administrators, successors and assigns WARRANTS THE TITLE to the property to the Government against all lawful claims and demands whatsoever except any liens, encumbrances, easements, reservations, or conveyances specified hereinabove, and COVENANTS AND AGREES as follows:

(1)   To pay promptly when due any indebtedness to the Government hereby secured and to indemnify and save harmless the Government against any loss under its insurance of payment of the note by reason of any default by Borrower. At all times when the note is held by an insured holder, Borrower shall continue to make payments on the note to the Government, as collection agent for the holder.

(2)   To pay to the Government such fees and other charges as may now or hereafter be required by regulations of the Farmers Home Administration.

(3)   If required by the Government, to make additional monthly payments of 1/12 of the estimated annual taxes, assessments, insurance premiums and other charges upon the mortgaged premises.

(4)   Whether or not the note is insured by the Government, the Government may at any time pay any other amounts including advances for payment of prior and/or junior liens, required herein to be paid by Borrower and not paid by Borrower when due, as well as any costs and expenses for the preservation, protection, or enforcement of this lien, as advances for Borrower's account. All such advances shall bear interest at the rate borne by the note which has the highest interest rate.

(5)   All advances by the Government including advances for payment of prior and/or junior liens, in addition to any advances required by the terms of the note, as described by this instrument, with interest shall be immediately due and payable by Borrower to the Government without demand at the place designated in the latest note and shall be secured hereby. No such advance by the Government shall relieve Borrower from breach of Borrower's covenant to pay. Any payment made by Borrower may be applied on the note or any indebtedness to the Government secured hereby, in any order the Government determines.

(6)   To use the loan evidenced by the note solely for purposes authorized by the Government.

(7)   To pay when due all taxes, liens, judgments, encumbrances, and assessments lawfully attaching to or assessed against the property, including all charges and assessments in connection with water, water rights, and water stock pertaining to or reasonably necessary to the use of the real property described above, and promptly deliver to the Government without demand receipts evidencing such payments.

(8)   To keep the property insured as required by and under insurance policies approved by the Government and, at its request, to deliver such policies to the Government.

(9)   To maintain improvements in good repair and make repairs required by the Government; operate the property in a good and husbandmanlike manner; comply with such farm conservation practices and farm and home management plans as the Government from time to time may prescribe; and not to abandon the property, or cause or permit waste, lessening or impairment of the security covered hereby, or, without the written consent of the Government, cut, remove, or lease any timber, gravel, oil, gas, coal, or other minerals except as may be necessary for ordinary domestic purposes.

(10)  To comply with all laws, ordinances, and regulations affecting the property.

(11)  To pay or reimburse the Government for expenses reasonably necessary or incidental to the protection of the lien and priority hereof and to the enforcement of or the compliance with the provisions hereof and of the note and any supplementary agreement (whether before or after default), including but not limited to costs of evidence of title to and survey of the property, costs of recording this and other instruments, attorneys' fees, trustees' fees, court costs, and expenses of advertising, selling, and conveying the property.

10/31/2007   16:13   7176401302                                        USDA

*acct* ████████████                        *pg 4 of 5*

(24) This instrument shall be subject to the present regulations of the Farmers Home Administration, and to its future regulations not inconsistent with the express provisions hereof.

(25) Notices given hereunder shall be sent by certified mail, unless otherwise required by law, and addressed, unless and until some other is address is designated in a notice so given, in the case of the Government to Farmers Home Administration, One Credit Union Place, Suite 330, Harrisburg, Pennsylvania 17110-2996, and in the case of Borrower to the address shown in the Farmers Home Administration Finance Office records (which normally will be the same as the post office address shown above).

(26) If any provision of this instrument or application thereof to any person or circumstances is held invalid, such invalidity will not affect other provisions or applications of the instrument which can be given effect without the invalid provision or application, and to that end the provisions hereof are declared to be severable.

IN WITNESS WHEREOF, Borrower has hereunto set Borrower's hand(s) and seal(s) this ____22nd____ day of ____March____, 19 _93_.

Signed, sealed, and delivered in the presence of:

_Kim Cottell_                              _Lee S. Shultz_ _____ (SEAL)
                                           Lee S. Shultz

_____                    _Kimberly L. Shultz_ _____ (SEAL)
                                           Kimberly L. Shultz

## ACKNOWLEDGMENT

STATE OF PENNSYLVANIA  }
                       } ss:
COUNTY OF ____LANCASTER____ }

On this ____22nd____ day of ____March____, 19 _93_, before me, the undersigned, a Notary Public in and for said State and County, personally appeared ____Lee S. Shultz and Kimberly L. Shultz____, known (or satisfactorily proved) to me to be the person(s) whose name(s) ____are____ subscribed to the within instrument, and acknowledged to me that ____they____ executed the same for the purposes therein contained.

IN WITNESS WHEREOF, I hereunto set my hand and official seal.

My commission expires _____

(NOTARIAL SEAL)

> NOTARIAL SEAL
> FRANCES M. ORR, Notary Public
> Manheim Township, Lancaster County, PA
> My Commission Expires NOV. 29, 1994

_____ *Notary Public.*

## RESIDENCE CERTIFICATE

I certify that the precise residence of the within-named Mortgagee is Washington, D.C.

*U.S. Government Printing Office: 1992 — 657-415*

_Sandra L. Horne_
Sandra L. Horne                              *For Mortgagee*

0078
3825  of  5

SCHEDULE "A"

acct # ▓▓▓▓▓▓▓▓▓  Pg 5 of 5

ALL THAT CERTAIN lot or tract of land with the improvements thereon, known as No. 15 LAKEVIEW PLACE, situate along the Southeast side of Lakeview Place in the Township of Warwick, County of Lancaster and Commonwealth of Pennsylvania, being known as Lot No. 126 on a Final Subdivision Plan recorded in the Office of the Recorder of Deeds in and for Lancaster County, PA in Subdivision Plan Book J, Volume 138, Page 119, said Lot No. 126 being more fully bounded and described as follows, to wit:

BEGINNING at a point, the most West corner of the herein described Lot No. 126, said point of beginning being a point of tangency on the South right-of-way line of Lakeview Place (a 50 feet wide public street with a 50 feet radius cul-de-sac) and a mutual corner of Lot No. 125; thence leaving said point of beginning and along the Southeast right-of-way line of Lakeview Place the following three (3) courses and distances: [1] North 19 degrees, 57 minutes, 20 seconds East, a distance of 3.00 feet to a point, a point of curve; [2] on a concave curve to the Southeast having a delta angle of 48 degrees, 11 minutes, 23 seconds, a radius of 25.00 feet, an arc length of 21.03 feet, a tangent of 11.18 feet and a chord bearing North 44 degrees, 03 minutes, 02 seconds East, a distance of 20.41 feet toa point, a point of reverse curve; [3] on a concave curve to the Northwest having a delta angle of 22 degrees, 03 minutes, 52 seconds, a radius of 50.00 feet, an arc length of 19.26 feet, a tangent of 9.75 feet and a chord bearing North 57 degrees, 06 minutes, 47 seconds East, a distance of 19.14 feet to a point, a mutual corner of Lot No. 127; thence along said Lot No. 127, through the center of a party wall, South 72 degrees, 24 minutes, 30 seconds East, a distance of 184.94 feet to a point, a mutual corner of Lot No. 110 - Section V (recorded in Subdivision Plan Book J-134, Page 94) and Lot No. 113; thence along said Lot No. 113 and Lot No. 114, South 37 degrees, 00 minutes 37 seconds West, a distance of 70.70 feet to a point, a mutual corner of Lot No. 125; thence along said Lot No. 125, through the center of a party wall, North 62 degrees, 53 minutes, 36 seconds West, a distance of 185.38 feet to a point, the point and place of BEGINNING.

CONTAINING: 9,880 square feet of land.

BEING THE SAME PREMISES WHICH Candelario Orozco and Norma Orozco, husband and wife, by deed dated August 30, 1991 and recorded September 3, 1991 in the Office of the Recorder of Deeds in and for Lancaster County, PA in Record Book 3243, Page 486, granted and conveyed unto David H. Fox, Jr. and Nancy L. Fox, husband and wife, their heirs and assigns, as tenants by the entireties.

UNDER AND SUBJECT to the lien and affect of a certain mortgage given by the grantors herein to Farmers Home Administration dated August 30, 1991 and recorded September 3, 1991 in Record Book 3243, Page 489. The principal balance of which is $72,500.00 of which the grantees hereby jointly and severally assume and agree to pay as part of the consideration herein.

THIS DEED is executed by Nancy L. Fox by virtue of a Letter of Attorney dated  March 2, 1993 and intended to be forthwith recorded.

10/31/2007  10:13  /178401302  USDA

Form FmHA 1965-8
(Rev. 3-92)

**UNITED STATES DEPARTMENT OF AGRICULTURE**
**FARMERS HOME ADMINISTRATION**

*Acct #*

**RELEASE FROM PERSONAL LIABILITY**

*Pg 1 of 3*

| STATE | Pennsylvania |
|---|---|
| COUNTY | Lancaster |
| CASE NO. | |

| TYPE OF LOAN |
|---|
| Housing |

## PART I.

THIS RELEASE is executed on ___November  19___ , 19 _96_.

The United States of America, acting through the Farmers Home Administration (FmHA), called the Government, is holder or insurer of loan(s) evidenced by certain promissory note(s), bond(s), or assumption agreement(s), called note(s), executed by _____

_Lee S. Shultz and Kimberly L. Shultz_ _____ payable to the Government and further identified as follows:

### TABLE I

| KIND OF INSTRUMENT | DATED | ORIGINAL PRINCIPAL | UNPAID PRINCIPAL | ACCRUED INTEREST | INTEREST RATE |
|---|---|---|---|---|---|
| Promissory Note | March 22, 1993 | 5,500.00 | 5,423.75 | 370.48 | 7.75 |
| Assumption Aggreement | March 27, 1993 | 72,500.00 | 73,223.22 | 4,840.04 | 7.75 |
| | ( | | | | |
| | | | | | |
| | | | | | |

In connection with such loan(s) the Government is the holder of the following-described security instrument(s) on property located in _Lancaster_ _____ County, State of _Pennsylvani_ _____

### TABLE II

| KIND OF INSTRUMENT | DATED | OFFICE WHERE RECORDED OR FILED | BOOK  VOL. OR DOCUMENT NO. | PAGE NO. |
|---|---|---|---|---|
| Real Estate Mortgage | March 22, 1993 | Lancaster Recorder of Deeds | 3825 | 0074 |
| | | | | |
| | | | | |
| | | | | |

Taxpayer Identification Number _169 44 8481_

Borrower discharged under Title 11 of the United States Code (Bankruptcy)  ☐ Yes  ☐ No

*Exhibit "F"*

U.S. GPO 1992  854-050/40513

*acct #*  ▓▓▓▓▓▓  *Pg 2 of 3*

## PART 2.  FOR TRANSFER WITH ASSUMPTION.

_____, called Transferor

_____

has (have) conveyed the property described in the security instrument(s) listed in Part 1 of this form, to _____

_____, called Transferee.

Transferee by assumption agreement has assumed the obligations of the note(s) and security instrument(s), including personal liability for payment of all or part of unpaid indebtedness of Transferor and, if an insured loan is involved, payment of (a) a separate annual loan or mortgage insurance charge to the Government, if and as provided in any such instrument(s), and (b) indemnification to the Government for any amounts paid or loss suffered by it because of Transferee's failure to meet the obligation under the note(s), security instrument(s), and assumption agreement(s).

If Transferee has not assumed all of the unpaid indebtedness of Transferor, the undersigned has determined that Transferor meets the conditions set forth in the statute(s) and FmHA servicing regulations applicable to the type of loan(s) involved.

Therefore, the Government releases Transferor from personal liability to the Government for the indebtedness and obligations evidenced by or incurred under the terms of said note(s) and security instrument(s); provided, however, that nothing in this form shall release or extinguish any part of said indebtedness or obligations, including interest and all other amounts nor release the security instrument(s) or any part of the property covered by those instruments from the lien thereof, nor modify or impair the priority or enforceability of such lien(s), and the Government retains to itself and its assigns all rights against Transferor necessary to preserve the lien(s), priority, and enforceability of such security instrument(s) against the property covered by those instruments and all rights and remedies of the Government, by subrogation or as holder or insurer of the note(s), loan(s), or security instrument(s), against all parties other than Transferor.

## PART 3.  FOR WITHDRAWAL OF JOINT OBLIGOR

Lee S. Shultz _____ has conveyed his/her interest

in the property described in the security instrument(s) described in Part 1 of this form to ____ Kimberly L. Shultz ____

Because ___ Kimberly L. Shultz _____ shall continue to be personally liable for the obligations under the terms of the note(s) and security instrument(s) described in Part 1 of this form for payment of the unpaid indebtedness on the loan(s) and if an insured loan is involved, for payment of (a) a separate annual loan or mortgage insurance charge to the Government, if and as provided in any such instrument(s), and (b) indemnification to the Government for any amounts paid or loss suffered by it because of failure to meet the obligations under the note(s) and security instrument(s).

Therefore, the Government releases _____ Lee S. Shultz _____ from personal liability to the Government for the indebtedness and obligation of said note(s) and security instrument(s).

FmHA 1965-8

PART 4. FOR RELEASE OF CO-SIGNER FOR RURAL HOUSING (RH) LOAN

10/31/2007   10:13      7178401302

*act + [redacted]      pg 30 of 3*

## PART 4. FOR RELEASE OF CO-SIGNER FOR RURAL HOUSING (RH) LOAN.

_____
                                                    co-signed promissory note(s)

described in Part 1 of this form with _____
Another co-signer acceptable to the Government has been substituted to assure repayment of the note(s).

Therefore, the Government hereby releases_____
as co-signer, from personal liability to the Government for the indebtedness evidenced by promissory note(s) described in Part 1 of this form.

## PART 5. FOR CASH SALE NOT RESULTING IN FULL PAYMENT OF INDEBTEDNESS FOR FARMER PROGRAM LOANS

_____ , called Transferor, has with the
consent of the Government sold the property described in the security instrument(s) subject thereto; however sale proceeds were
insufficient to pay Transferor's indebtedness to the Government in full. The undersigned has determined that Transferor meets the
conditions for release of personal liability set forth in the statute(s) and FmHA servicing regulations applicable to the type of loan(s)
involved.

Therefore, the Government hereby releases Transferor from personal liability for the remaining debt.

This release from liability from FmHA may result in a tax liability. Any questions regarding possible tax liability should be
directed to a tax advisor.


IN WITNESS WHEREOF, this release is executed as the act and deed of the Government by the undersigned, acting pursuant
to duly delegated authority.

WITNESS                                    UNITED STATES OF AMERICA

_Constance A. Williams_          By: _____

                                          Title: _____
                                          Farmer Home Administration

GPO : 1992 · 854-050/55513

*Received 10/10/2014*

## REAMORTIZATION AGREEMENT

Account Number

Effective Date
September 22, 2014

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $     72500.00, plus interest on the unpaid principal of 7.75000% per year, executed by <u>KIMBERLY L SHULTZ</u>                and _____, (Borrower) dated      March 22,  1993 and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $     65217.76.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  7.75000% per annum at $     715.50 per month beginning    October 22, 2014 and on the 22nd day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on     March 22, 2026.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Development will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

Exhibit "G"

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity. Lender shall apply funds to pay the Escrow Items. Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge. However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise. Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds. Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made. The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law. If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency. Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender. If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Kimberly L. Shultz_ Date _10/19/2014_
Borrower

_____ Date _____
Borrower

*Received 10/10/2014*

## REAMORTIZATION AGREEMENT

Account Number


Effective Date
September 22, 2014

The United States of America, acting through the Rural Housing Service, United States Department of Agriculture (Lender), is the owner and holder of a promissory note or assumption agreement (Note) in the principal sum of $      5500.00, plus interest on the unpaid principal of    7.75000% per year, executed by <u>KIMBERLY L SHULTZ</u>                    and
_____, (Borrower) dated      March 22,   1993 and payable to the order of the Lender.  The current outstanding balance includes unpaid principal, accrued unpaid interest, unpaid advances and fees.  The total outstanding balance is $      4435.80.

In consideration of the reamortization of the note or assumption agreement and the promises contained in this agreement, the outstanding balance is capitalized and is now principal to be repaid at  7.75000% per annum at $      48.67 per month beginning   October 22, 2014 and on the 22nd day of each succeeding month until the principal and interest are paid, except that the final installment of the entire debt, if not paid sooner, will be due and payable on   March 22, 2026.

If the outstanding loan balance prior to reamortization was reduced by a payment which was later determined to be uncollectible, Rural Development will charge the account with an amount equal to the uncollectible payments.  This amount is due and payable on the effective date it is charged to the account and may accrue interest at the promissory note rate.

Subject to applicable law or to a written waiver by Lender, Borrower shall pay to lender on the day monthly payments are due under the Note, until the Note is paid in full, a sum ("Funds") for : (a) yearly taxes and assessments which may attain priority over Lender's mortgage or deed of trust (Security Instrument) as a lien on the secured property described in the Security Agreement (Property); (b) yearly leasehold payments or ground rents on the Property, if any; (c) yearly hazard or property insurance premiums; and (d) yearly flood insurance premiums, if any.  These items are called "Escrow Items."  Lender may, at any time, collect and hold funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan, may require for Borrower's escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U.S.C. Section 2601 et seq. ("RESPA"), unless another law or federal regulation that applies to the funds sets a lesser amount.  If so, Lender may, at any time, collect and hold funds in an amount not to exceed the lesser amount.  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with applicable law.

*Exhibit "H"*

The funds shall be held by a federal agency, including Lender, or in an institution whose deposits are insured by a federal agency, instrumentality, or entity.  Lender shall apply funds to pay the Escrow Items.  Lender may not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and applicable law permits the Lender to make such charge.  However, Lender may require borrower to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise.  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay Borrower any interest or earnings on the funds.  Borrower and Lender may agree in writing, however, that interest shall be paid on the funds.

Lender shall give to borrower, without charge, an annual accounting of the funds, showing credits and debits to the funds and the purpose for which each debit to the Funds was made.  The funds are pledged as additional security for all sums secured by this Security Instrument.

If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to Borrower for the excess Funds in accordance with the requirements of applicable law.  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may notify Borrower in writing, and, in such case Borrower shall pay to Lender the amount necessary to make up the deficiency.  Borrower shall make up the deficiency in no more than twelve monthly payments, at Lender's sole discretion.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.  If Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument.

Unless changed by this agreement, all of the terms of the note or assumption agreement or the instruments that secure them, remain unchanged.

Upon default in the payment of any one of the above installments or failure to comply with any of the conditions and agreements contained in the above-described note or assumption agreement or the instruments securing it, the Lender, at its option may declare the entire debt immediately due and payable and may take any other action authorized to remedy the default.

_Kimberly L. Shultz_  Date _10/19/2014_
Borrower

_____  Date _____
Borrower

SCHEDULE "A"



ALL THAT CERTAIN lot or tract of land with the improvements thereon, known as No. 15 LAKEVIEW PLACE, situate along the Southeast side of Lakeview Place in the Township of Warwick, County of Lancaster and Commonwealth of Pennsylvania, being known as Lot No. 126 on a Final Subdivision Plan recorded in the Office of the Recorder of Deeds in and for Lancaster County, PA in Subdivision Plan Book J, Volume 138, Page 119, said Lot No. 126 being more fully bounded and described as follows, to wit:

BEGINNING at a point, the most West corner of the herein described Lot No. 126, said point of beginning being a point of tangency on the South right-of-way line of Lakeview Place (a 50 feet wide public street with a 50 feet radius cul-de-sac) and a mutual corner of Lot No. 125; thence leaving said point of beginning and along the Southeast right-of-way line of Lakeview Place the following three (3) courses and distances: [1] North 19 degrees, 57 minutes, 20 seconds East, a distance of 3.00 feet to a point, a point of curve; [2] on a concave curve to the Southeast having a delta angle of 48 degrees, 11 minutes, 23 seconds, a radius of 25.00 feet, an arc length of 21.03 feet, a tangent of 11.18 feet and a chord bearing North 44 degrees, 03 minutes, 02 seconds East, a distance of 20.41 feet to a point, a point of reverse curve; [3] on a concave curve to the Northwest having a delta angle of 22 degrees, 03 minutes, 52 seconds, a radius of 50.00 feet, an arc length of 19.26 feet, a tangent of 9.75 feet and a chord bearing North 57 degrees, 06 minutes, 47 seconds East, a distance of 19.14 feet to a point, a mutual corner of Lot No. 127; thence along said Lot No. 127, through the center of a party wall, South 72 degrees, 24 minutes, 30 seconds East, a distance of 184.94 feet to a point, a mutual corner of Lot No. 110 - Section V (recorded in Subdivision Plan Book J-134, Page 94) and Lot No. 113; thence along said Lot No. 113 and Lot No. 114, South 37 degrees, 00 minutes 37 seconds West, a distance of 70.70 feet to a point, a mutual corner of Lot No. 125; thence along said Lot No. 125, through the center of a party wall, North 62 degrees, 53 minutes, 36 seconds West, a distance of 185.38 feet to a point, the point and place of BEGINNING.

CONTAINING: 9,880 square feet of land.

BEING THE SAME PREMISES WHICH Candelario Orozco and Norma Orozco, husband and wife, by deed dated August 30, 1991 and recorded September 3, 1991 in the Office of the Recorder of Deeds in and for Lancaster County, PA in Record Book 3243, Page 486, granted and conveyed unto David H. Fox, Jr. and Nancy L. Fox, husband and wife, their heirs and assigns, as tenants by the entireties.

UNDER AND SUBJECT to the lien and affect of a certain mortgage given by the grantors herein to Farmers Home Administration dated August 30, 1991 and recorded September 3, 1991 in Record Book 3243, Page 489. The principal balance of which is $72,500.00 of which the grantees hereby jointly and severally assume and agree to pay as part of the consideration herein.

THIS DEED is executed by Nancy L. Fox by virtue of a Letter of Attorney dated March 2, 1993 and intended to be forthwith recorded.

Exhibit "I"

3825   0075

 **USDA**

**United States
Department of
Agriculture**

**Rural Development**
Centralized Servicing Center
P.O. Box 66827
St. Louis, MO 63166
(800) 793-8861 (Voice)
(800) 438-1832 (TDD/TTY Hearing Impaired Only) or
(314) 457-4450 (FAX)

<u>CERTIFIED MAIL</u>
<u>RETURN RECEIPT REQUESTED</u>

KIMBERLY L SHULTZ
15 LAKEVIEW PL
LITITZ          PA 17543-8693          

SCC

SUBJECT: NOTICE OF ACCELERATION OF YOUR MORTGAGE LOAN(S); DEMAND FOR PAYMENT OF
THAT DEBT; NOTICE OF RIGHT TO CURE YOUR DELINQUENCY; NOTICE OF INTENT TO
FORECLOSE; AND NOTICE OF YOUR OPPORTUNITY TO HAVE A HEARING CONCERNING
THIS ACTION

Dear   KIMBERLY L SHULTZ

**PLEASE TAKE NOTE that the entire indebtedness due on the promissory note(s) and/or assumption
agreement(s) which evidence the loan(s) received by you from the United States of America, acting
through the United States Department of Agriculture Rural Housing Service (RHS), formerly Farmers
Home Administration, as set forth below, is now declared immediately due and payable and demand
is hereby made on you to pay this entire indebtedness. If payment is not made as demanded herein,
the RHS intends to enforce its real estate mortgage(s) given to secure the indebtedness by foreclosure
of its lien(s) on your house.**

| Account Number(s) | Date of Promissory Note | Amount |
|---|---|---|
| | 03/22/93 | 72500.00 |
| | 03/22/93 | 5500.00 |

This acceleration of your indebtedness is made in accordance with the authority granted in the
above-described instrument(s).  The reason(s) for the acceleration of your indebtedness is (are)
as follows:

**MONETARY DEFAULT**

The balance of the account is unpaid principal in the amount of $  68653.12          and unpaid
interest in the amount of $ 1429.10          , as of   03/27/15   plus additional interest accruing at
the rate of $  14.5770          per day thereafter, plus additional advances to be made by the United
States for the protection of its security, the interest accruing on any such advances, fees, or late charges,
and the amount of subsidy to be recaptured in accordance with the Subsidy Repayment Agreement.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found
online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may
also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S.
Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202)
690-7442 or email at program.intake@usda.gov.

Exhibit "J"

**You have the right to cure your monetary default and stop foreclosure action thereby reinstating your mortgage by bringing your mortgage account up-to-date at any time from now up until one hour before the commencement of bidding at the United States Marshal's sale.**

**You may cure your monetary default by paying the total of all the following charges:**

- **Pay $  2317.35              , the current delinquency, plus additional payments which come due each month following this notice.**

- **Pay any additional foreclosure costs which may include costs of title examination, court costs, and cost of advertising the foreclosure sale.**

- **Pay any delinquent real estate taxes and show proof that your property is insured with homeowners insurance.**

**You should contact Centralized Servicing Center where your account is being serviced at 1(800)793-8861 or mail your request to PO Box 66827, St.Louis, MO 63166 in order to obtain the exact amount your account(s) is(are) behind.  You may reinstate not more than three times in any one calendar year.**

The payment to cure your monetary default must be paid in cash, cashier's check or certified check, made payable to USDA/RD and delivered to the Centralized Servicing  Center at the above address.  The payment may also be made to the U.S. Marshal who conducts the sale up to one hour before the bidding commences.

You are hereby notified that unless the accounts(s) is(are) paid current  and other violations removed or said indebtedness is paid in full within 30 days from the receipt of this notice, the United States of America will take action to foreclose.  The earliest date on which your property will be sold by the United States Marshal will be approximately 60 days from the date of this letter.  Payment of the indebtedness should be made by cashier's check, or postal money order payable to the USDA/RD and mailed to USDA-Rural Development, P.O. Box 790170, St. Louis, MO 63179-0170.

If you submit to the Centralized Servicing Center any payment insufficient to cure the account in full or insufficient to pay the entire indebtedness, should you desire to select such option, such payment **WILL NOT CANCEL** the effect of this notice.  If insufficient payments are received and credited to your account, no waiver or prejudice of any rights which the United States may have will result and the RHS may proceed as though no such payments had been made.

**YOUR RIGHT TO A DISCUSSION WITH RHS-**  You have the opportunity to discuss this decision to accelerate your loan(s) with a RHS official or have an administrative appeal hearing before the foreclosure takes place.  This is an opportunity to discuss why you believe the United States is in error in accelerating your loan(s) and proceeding with foreclosure.  If you desire to have an informal discussion with an RHS official or have any questions concerning this decision or the facts used in making this decision, you should contact this office in writing.  The request for an informal discussion must be sent to the undersigned no later than  04/11/15     .  Requests which are postmarked by the U. S. Postal Service on or before that date will be considered as timely received.  You also have the right to an administrative appeal hearing with a hearing officer instead of, or in addition to, an informal discussion with this office.  If you request an informal discussion with an RHS official, and this does not result in a decision in which you concur, you will be given a separate time frame in which to submit your request for an administrative appeal. (See the attachment for your appeal rights.)

**YOUR RIGHT TO AN ADMINISTRATIVE APPEAL HEARING** -If you do not wish to have an informal discussion with an RHS official as outlined above, you may request an administrative appeal with a member of the National Appeals Division Area Supervisor, no later than 30 days after the date on which you received this notice. Requests which are postmarked by the U.S. Postal Service on or before that date will be considered as timely received as requesting an administrative appeal. Please include a copy of this letter with your request.

If you fail to comply with the requirements outlined, the United States plans to proceed with foreclosure. You may avoid foreclosure by (1) refinancing your RHS loan(s) with a private or commercial lender or otherwise paying your indebtedness in full; (2) selling the property for its fair market value and applying the proceeds to your loan(s); (3) transferring the loan(s) and property to an eligible applicant with RHS approval; or (4) conveying the property to the Government with RHS approval. Please contact our Centralized Servicing Center office at 1-800-793-8861, if you desire to satisfy your loan(s) by one of the above methods.

You cannot be discriminated against in a credit transaction because of your race, color, religion, national origin, sex, marital status, handicap, or age (if you have the legal capacity to enter into a contract). You cannot be denied a loan because all or a part of your income is from a public assistance program. If you believe you have been discriminated against for any of these reasons, you should write to the Secretary of Agriculture, Washington, D.C. 20250.

You cannot be discriminated against in a credit transaction because you in good faith exercised your rights under the Consumer Credit Protection Act. The Federal Agency responsible for seeing this law is obeyed is the Federal Trade Commission, Washington, D.C. 20580.

For questions regarding your account, please call Default Management toll free at 1-800-793-8861 or 1-800-438-1832 (TDD/TTY Hearing Impaired Only), 7:00 a.m. to 5:00 p.m., Monday through Friday, Central Time. Please refer to your Account number when you write or call us. Thank you.

UNITED STATES OF AMERICA
BY

*Thomas B. Herron*

Thomas B Herron
Director, Default Management Branch
Rural Development
United States Department of Agriculture

Date:   03/27/15
Attachment
CC:   State Office

This letter was mailed certified and regular mail on   03/27/15 .

## APPEALS RIGHTS ATTACHMENT

If you believe the decision described in the attached letter or the facts used in this case are in error, you may pursue any or all of the following three options.

#### OPTION 1 - Reconsideration

If you have questions concerning this decision or the facts used in making it and desire further explanation, you may write this office to request reconsideration. There is no cost for reconsideration. This written request must be received no later than 15 calendar days from the date of the attached letter. You must present any new information, evidence and/or possible alternatives along with your request. You may skip this informal process and select one of the following two options. If you do, you will automatically waive your right to reconsideration.

#### OPTION 2 - Mediation

You have the right to request mediation or other forms of alternative dispute resolution (ADR) of the issues in this decision. *You may have to pay for the cost of mediation.* If you request mediation or ADR, and resources are available, Rural Development will participate in the mediation or ADR process. To request mediation or ADR, you must write the Rural Development State Director (see reverse side). The written notice must be postmarked by you no later than 30 calendar days from the date of this letter. Mediation and ADR do not take the place of, or limit your rights to, an appeal to the National Appeals Division (NAD); however, a NAD appeal hearing would take place after mediation. You may skip mediation and request an appeal hearing. However, in doing so, you will automatically waive your rights to mediation and reconsideration.

#### OPTION 3 - Request an Appeal

You may request an appeal hearing by the National Appeals Division (NAD) rather than reconsideration or mediation. There is no cost for an appeal. A request for an appeal must be postmarked within 30 days from the date on which you received this letter. You must write the Assistant Director of the NAD (see reverse side).

The appeal hearing will generally be held within 45 days of the receipt of your request.

You or your representative or counsel may contact this office anytime during regular office hours in the 10 days following the receipt of your request for a hearing to obtain copies of relevant, non-confidential material on your account. Your representative or counsel should have your written authorization to represent you and review your account records.

You may request a teleconference hearing or a personal meeting with a Hearing Officer. You may have a representative or counsel with you at these hearings and may present your own witnesses. At any time before the scheduled hearing you may also request that the Hearing Officer make a decision without a hearing. If you do, the Hearing Officer's decision will be based on the Rural Development file, any written statements or evidence you may provide and any additional information the Hearing Officer deems necessary.

USDA is an equal opportunity provider and employer.

If you wish to file a Civil Rights program complaint of discrimination, complete the USDA Program Discrimination Complaint Form, found online at http://www.ascr.usda.gov/complaint_filing_cust.html, or at any USDA office, or call (866) 632-9992 to request the form. You may also write a letter containing all of the information requested in the form. Send your completed complaint form or letter to us by mail at U.S. Department of Agriculture, Director, Office of Adjudication, 1400 Independence Avenue, S.W., Washington, D.C. 20250-9410, by fax (202) 690-7442 or email at program.intake@usda.gov.

To request reconsideration,  send a written request to:

UNITED STATES DEPARTMENT OF AGRICULTURE
CENTRALIZED SERVICING CENTER
DEFAULT MANAGEMENT BRANCH, FC 214
4300 GOODFELLOW BLVD, BLDG 105
ST. LOUIS, MO 63120

To request mediation, send a written request to the state office
address below, with a copy to the address above.

PENNSYLVANIA STATE OFFICE
USDA - Rural Development
1 Credit Union Place
Suite 330
Harrisburg, PA 17110-2996

To request an appeal, send a written request with a copy of the
decision letter to the address below:

U. S. DEPARTMENT OF AGRICULTURE
National Appeals Division
Eastern Regional Office
PO Box 68806
Indianapolis, Indiana 46268
1-800-541-0457